# EXHIBIT "A"

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MARK WESOSKI, ESQUIRE
ID# 60296
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
**ATTORNEYS FOR PLAINTIFF**

*Filed and Attested by the Office of Judicial Records 15 NOV 2022 09:58 am E. HAURIN*

| | |
|---|---|
| Shanell Marieno : | **COURT OF COMMON PLEAS** |
| 138 Sugarberry Drive, New Castle DE 19720 : | **PHILADELPHIA COUNTY** |
| and : | |
| Zi. B., a minor, by her parent and natural : | TERM, 2022 |
| Guardian, Shanell Marieno : | |
| 138 Sugarberry Drive, New Castle DE 19720 : | No.: |
| and : | |
| Zo. B., a minor, by her parent and natural : | |
| Guardian, Shanell Marieno : | |
| 138 Sugarberry Drive, New Castle DE 19720 : | |
| vs. : | |
| Ty M. Quattlebaum : | CIVIL ACTION COMPLAINT |
| 111 Morton Avenue, Apt. 201, Ridley Park, PA 19078 : | |
| and : | |
| Amazon.com Services, LLC a/k/a Amazon : | |
| 410 Terry Avenue North, Seattle, WA 98109 : | |
| and : | |
| Amazon Services LLC : | |
| 410 Terry Avenue North, Seattle, WA 98109 : | |
| and : | |
| John Doe 1 : | |
| 123 Main St, Anywhere USA, 00000 : | |
| and : | |
| John Doe 2 : | |
| 123 Main St, Anywhere USA, 00000 : | |
| : | |

<table>
<tr><td>

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

</td><td>

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center, Filadelfia, Pennsylvania 19107
(215)238-6333
Filadelfia, Pennsylvania 19107
(215)-238-6333

</td></tr>
</table>

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MARK WESOSKI, ESQUIRE
ID# 60296
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEYS FOR PLAINTIFF

| | | |
|---|---|---|
| Shanell Marieno | : | **COURT OF COMMON PLEAS** |
| 138 Sugarberry Drive, New Castle DE 19720 | : | **PHILADELPHIA COUNTY** |
| and | : | |
| Zi. B., a minor, by her parent and natural | : | TERM, 2022 |
| Guardian, Shanell Marieno | : | |
| 138 Sugarberry Drive, New Castle DE 19720 | : | No.: |
| and | : | |
| Zo. B., a minor, by her parent and natural | : | |
| Guardian, Shanell Marieno | : | |
| 138 Sugarberry Drive, New Castle DE 19720 | : | |
| vs. | : | |
| Ty M. Quattlebaum | : | CIVIL ACTION COMPLAINT |
| 111 Morton Avenue, Apt. 201, Ridley Park, PA 19078 | : | |
| and | : | |
| Amazon.com Services, LLC a/k/a Amazon | : | |
| 410 Terry Avenue North, Seattle, WA 98109 | : | |
| and | : | |
| Amazon Services LLC | : | |
| 410 Terry Avenue North, Seattle, WA 98109 | : | |
| and | : | |
| John Doe 1 | : | |
| 123 Main St, Anywhere USA, 00000 | : | |
| and | : | |
| John Doe 2 | : | |
| 123 Main St, Anywhere USA, 00000 | : | |

# C O M P L A I N T

**COMES NOW**, Plaintiff, **Shanell Marieno,** by and through her counsel, Louis B. Himmelstein &

Associates, P.C., and hereby claims damages of the Defendants, individually, jointly and/or severally, upon

a cause of action whereof the following is a statement:

1.      Plaintiff, **Shanell Marieno,** is an adult individual, resident and citizen of the State of Delaware,

and at all times herein material, Plaintiff, **Shanell Marieno,** was the operator of a Mitsubishi

Mirage vehicle, which vehicle was struck by a vehicle negligently operated by Defendant(s).

Case ID: 221101536

2.      Plaintiff, **Zi. B.**, a minor, by her parent and natural guardian, Plaintiff, **Shanell Marieno,** is a minor individual residing at the above captioned address, and at all times herein material, Minor Plaintiff, **Zi. B.,** was a passenger in the Mitsubishi Mirage vehicle, which vehicle was struck by Defendant(s).

3.      Plaintiff, **Zo. B.**, a minor, by her parent and natural guardian, Plaintiff, **Shanell Marieno,** is a minor individual residing at the above captioned address, and at all times herein material, Minor Plaintiff, **Zo. B.,** was a passenger in the Mitsubishi Mirage vehicle, which vehicle was struck by Defendant(s).

4.      Defendant, **Ty M. Quattlebaum,** (hereinafter also referred to as Defendant(s)), is an adult individual, resident and citizen of the Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain vehicle, which commercial vehicle was involved in the collision hereinafter described, and which vehicle is the subject of this cause of action.

5.      Defendant, **Amazon.com Services, LLC,**(hereinafter also referred to as Defendant(s))**,** is a corporation, partnership, or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain vehicle, which commercial vehicle was involved in the collision hereinafter described, and which vehicle is a subject of this cause of action, and at all times herein material Defendant was acting individually and/or by and through its duly authorized agent, servant, worker and/or employee, co-Defendant, **Ty M. Quattlebaum,** who was acting within the course and scope of his employment and authority, and in furtherance of each of the Defendants' businesses and affairs.

6.      Defendant, **Amazon Services LLC,**(hereinafter also referred to as Defendant(s))**,** is a corporation, partnership, or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess,

control, maintain and/or negligently operate, a certain  vehicle, which commercial vehicle was involved in the collision hereinafter described, and which vehicle is a subject of this cause of action, and at all times herein material Defendant was acting individually and/or by and through its duly authorized agent, servant, worker and/or employee, co-Defendant, **Ty M. Quattlebaum,** who was acting within the course and scope of his employment and authority, and in furtherance of each of the Defendants' businesses and affairs.

7.      Defendant, **John Doe 1**, is a fictitious individual meant to represent person who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein, which includes the use, control and operation the vehicle involved in this accident.  After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

8.      Defendant, **John Doe 2**, is a fictitious individual meant to represent person who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein, which includes the use, control and operation the hit-and-run vehicle involved in this accident.  After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

9.      At all times herein material, Defendants were either acting individually and/or by and through their/its/his/his duly authorized agents, servants, workmen, bailees and/or employees who were acting in the course and scope of their/his/his employment and in the furtherance of each of the Defendants' businesses and affairs.

10.    On or about January 7, 2021, Plaintiff, **Shanell Marieno,** was operating her Mitsubishi Mirage vehicle, which vehicle was being operated on Interstate I-95 at or near the Vietnam Veterans Memorial Highway and/or mile marker 4.9, being public roads in the County of Delaware, Commonwealth of Pennsylvania. Co-Plaintiffs **Zi. B.** and **Zo. B.** were passengers in said vehicle.

11.    At the aforementioned time and location, Defendant, **Ty M. Quattlebaum,** was operating a certain vehicle and/or truck, also on Interstate I-95 at or near mile marker 4.9 and/or Vietnam Veterans Memorial Highway, and when the vehicle operated by Defendants reached a certain point at the aforesaid location, the Defendant, **Ty M. Quattlebaum,** operated his vehicle in such a careless, reckless and negligent manner that he failed to be cognizant of Plaintiffs' vehicle, and did violently collide with the Plaintiffs' vehicle causing the plaintiff's vehicle to be moved about and hit the concrete barrier. As a sole and direct result of the collision, Plaintiffs were thrown violently about inside their vehicle, and sustained serious, painful and permanent personal injuries and damages.

12.    At all times herein material Defendant, **Ty M. Quattlebaum,** was the individual who negligently operated the vehicle, and failed to be cognizant of his surroundings, thereby causing the collision to occur with the vehicle Plaintiffs were in, thereby causing Plaintiffs to be thrown violently about.

13.    It is further averred that Defendant, **Ty M. Quattlebaum,** was chasing another vehicle, namely **John Doe 2**, without regard to other vehicles, thereby causing the collision to occur with the vehicle Plaintiffs were in, thereby causing Plaintiffs to be thrown violently about.

14.    At all times herein material Defendant, **Amazon.com Services, LLC** and/or **Amazon,** was/were the entity/entities that negligently allowed a reckless driver to operate the truck and/or vehicle, namely **Ty M. Quattlebaum**, thereby causing the collision to occur with the vehicle Plaintiffs were in, thereby causing Plaintiffs to be thrown violently about.

15.    It is further averred that Defendant, **Ty M. Quattlebaum**, was not watching the road, and negligently caused his vehicle to merge into Plaintiffs' lane striking Plaintiffs and/or Plaintiffs' vehicle.

16.     It is further averred that Defendant, **John Doe 2**, was not watching the road, and negligently caused his/her vehicle to collide with another.

17.     It is further averred that Defendant, **John Doe 2**, left the scene without a providing identifying information such as name, insurance, and/or vehicle registration.

18.     At the aforementioned location, it is believed and therefore averred that Defendant, **Ty M. Quattlebaum** and/or **John Doe 1** and/or **John Doe 2**, was/were traveling at an excessive and dangerous rate of speed under the circumstances and was acting in reckless indifference to the safety of other motorists including the plaintiffs.

19.     The accident was caused solely by the careless, reckless and negligent conduct of the Defendants, and was in no manner due to any act or failure to act on the part of Plaintiffs and it is further averred that Defendant(s) caused its/his/their vehicle to leave its lane of travel and enter the lane of travel of Plaintiff's vehicle and crash into plaintiff's vehicle.

20.     At the time and place aforesaid, the carelessness, negligence and recklessness of the Defendants, individually, jointly and/or severally consisted of the following:

     a.     Striking Plaintiff's vehicle;

     b.     Operating the vehicle at a high, excessive and dangerous rate of speed under the circumstances;

     c.     Operating the vehicle in a reckless manner and causing said vehicle to hit the vehicle Plaintiff was in;

     d.     Operating said vehicle without keeping a proper lookout for road and traffic conditions;

     e.     Disregarding the position of Plaintiff's vehicle on the roadway;

     f.     Failing to exercise due care under the circumstances;

     g.     Being otherwise careless and negligent;

     h.     Failing to pay attention while changing lanes;

     i.     Failing to use the required degree of skill and care in the operation of the vehicle;

     j.     Operating said vehicle in a reckless manner;

Case ID: 221101536

k.      Failing to properly maintain and/or repair and/or inspect said vehicle;

l.      Operating said vehicle without due regard for the rights, safety and position of the Plaintiff herein at the point aforesaid;

m.      Otherwise violating the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles upon the public highways;

n.      Failing to slow down Defendant's vehicle prior to striking Plaintiffs' vehicle;

o.      Violating the mandate of the rules of the road;

p.      Failing to apply the brakes in a timely fashion;

q.      Failing to have said vehicle under proper and/or adequate control;

r.      Failing to see Plaintiff's vehicle on the roadway;

s.      Driving while distracted;

t.      Failing to use caution when operating a vehicle so close to another vehicle;

u.      Being otherwise negligent as revealed in discovery;

v.      Illegally attempting to change lanes;

w.      Failing to keep his eyes on the road;

x.      Failing to sound the horn;

y.      Failing to keep a foot on the break;

z.      Failing to have adequate and/or working headlights;

aa.     Failing to concentrate on his driving;

bb.     Failing to slow down;

cc.     Failing to be cognizant of the upcoming vehicle;

dd.     Failing to slow down for other  cars;

ee.     Operating a vehicle without a clear view of the outside;

ff.     Violating Plaintiffs' right of way;

gg.     Veering into Plaintiffs' lane of travel;

hh.     Chasing another vehicle with disregard to other vehicles on the road;

ii.     Failing to keep Defendants' vehicle in its lane of travel;

jj.     Operating a truck in a lane not meant for commercial vehicles;

kk.     Causing the truck and/or vehicle to enter Plaintiff's vehicle's lane of travel thereby causing a violent collision;

ll.     Allowing a reckless driver to operate the vehicle;

mm.     Negligently entrusting the vehicle to **Ty M. Quattlebaum**;

nn.     Failing to properly train its drivers;

oo.     Performing the act of road rage;

pp.     Racing on the highway;

qq.     Failing to call the police; and

rr.     Speeding after another vehicle and crashing into plaintiffs vehicle in the process.

21.     As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants, Plaintiff, **Shanell Marieno,** has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, body, shoulders, chest, arms, hands, wrists, fingers, legs, shins, knees, feet and toes and the bones, cartilages, ligament s, muscles, nerves, blood vessels and soft tissues attached thereto which were caused to be fractured, herniated, wrenched, bruised, and otherwise injured including but not limited to herniated discs, bulging discs, cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain, segmental/somatic dysfunction of cervical spine, segmental/somatic dysfunction of thoracic spine, segmental/somatic dysfunction of lumbar spine, pregnancy complications, placenta disruption, right knee sprain; she additionally suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of

Case ID: 221101536

which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has further suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

22.     As a further result of the accident aforesaid, Plaintiff, **Shanell Marieno,** has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

23.     As a further result of this accident, Plaintiff, **Shanell Marieno,** has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

24.     As a further result of this accident, Plaintiff, **Shanell Marieno,** has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

25.     As a direct and sole result of this accident, Plaintiff, **Shanell Marieno,** has or may hereinafter incur other financial expenses and/or other losses including  but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of damages; including the cost of repair and/or replacement of her vehicle which was damaged in the accident, all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

Case ID: 221101536

26.     As a further result of the instant occurrence, caused by Defendant's negligence in causing her/her/their vehicle to strike Plaintiffs' vehicle, Plaintiff, **Shanell Marieno,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

27.     As a result of the aforesaid accident caused by Defendants' negligence, Plaintiff, **Shanell Marieno**, has had to expend various sums of money for the care and treatment of her daughters, Co-Plaintiffs, **Zi. B.** and **Zo. B.**, and will likely have to continue doing so into the future, and further must pay for the care and needs of Minor Plaintiffs for an indefinite time, all to her continuing financial detriment.

28.     As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendant, Plaintiff, **Zi. B.,** has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, body, shoulders, chest, arms, hands, wrists, fingers, legs, shins, knees, feet and toes and the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto which were caused to be fractured, herniated, wrenched, bruised, and otherwise  injured including but not limited to cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain; she additionally suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has further suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

29.     As a further result of the accident aforesaid, Plaintiff, **Zi. B.,** has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and

Case ID: 221101536

household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

30. As a further result of this accident, Plaintiff, **Zi. B.,** has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

31. As a further result of this accident, Plaintiff, **Zi. B.,** has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

32. As a direct and sole result of this accident, Plaintiff, **Zi. B.,** has or may hereinafter incur other financial expenses and/or other losses including  but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of damages, all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

33. As a further result of the instant occurrence, caused by Defendant's negligence in causing her/her/their vehicle to strike Plaintiff's vehicle, Plaintiff, **Zi. B.,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

34. As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendant, Plaintiff, **Zo. B.,** has sustained serious, painful and permanent

injuries, internally and externally, to her head, neck, back, body, shoulders, chest, arms, hands, wrists, fingers, legs, shins, knees, feet and toes and the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto which were caused to be fractured, herniated, wrenched, bruised, and otherwise  injured including but not limited to cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain; she additionally suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has further suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

35.     As a further result of the accident aforesaid, Plaintiff, **Zo. B.,** has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

36.     As a further result of this accident, Plaintiff, **Zo. B.,** has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

37.     As a further result of this accident, Plaintiff, **Zo. B.,** has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

38.     As a direct and sole result of this accident, Plaintiff, **Zo. B.,** has or may hereinafter incur other financial expenses and/or other losses including  but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of damages, all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

39.     As a further result of the instant occurrence, caused by Defendant's negligence in causing her/her/their vehicle to strike Plaintiff's vehicle, Plaintiff, **Zo. B.,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiffs claim damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT ONE**
**SHANELL MARIENO vs. TY M. QUATTLEBAUM**

40.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

41.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT TWO**
**ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs. TY M. QUATTLEBAUM**

Case ID: 221101536

42.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

43.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

       **WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT THREE
### ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs. TY M. QUATTLEBAUM

44.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

45.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

       **WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT FOUR
### SHANELL MARIENO vs. AMAZON.COM SERVICES, LLC

46.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

47.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

       **WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

Case ID: 221101536

**COUNT FIVE**
**ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs.**
**AMAZON.COM SERVICES, LLC**

48.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

49.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

        **WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT SIX**
**ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs.**
**AMAZON.COM SERVICES, LLC**

50.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

51.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

        **WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT SEVEN**
**SHANELL MARIENO vs. AMAZON SERVICES LLC**

52.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

53.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT EIGHT**
**ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs. AMAZON SERVICES LLC**

54.    Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

55.    As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT NINE**
**ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs. AMAZON SERVICES LLC**

56.    Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

57.    As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT TEN**
**SHANELL MARIENO vs. JOHN DOE**

Case ID: 221101536

58.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

59.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT ELEVEN
### ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs. JOHN DOE

60.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

61.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT TWELVE
### ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs. JOHN DOE

62.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

63.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**Emotional Distress**

64.     Plaintiffs incorporate herein by reference thereto the preceding Paragraphs inclusive, as fully as though the same were hereinafter set forth at length.

65.     Parent Plaintiff, **Shanell Marieno** claims that the negligent conduct of the Defendant caused her to suffer emotional injuries, emotional distress and post-traumatic stress, and it is further averred that:

        a.     **Shanell Marieno** watched her children, co-Plaintiffs, **Zi. B.** and **Zo. B.**, be thrown around violently inside of the vehicle.

        b.     **Shanell Marieno** was within feet of her co-Plaintiffs, **Zi. B.** and **Zo. B.** when the incident occurred.

        c.     **Shanell Marieno** became hysterical when she witnessed the subject incident.

        d.     **Shanell Marieno** has been and continues to suffer from severe emotional trauma and stress as a result of the incident and as a result of the injuries sustained by her children, co-Plaintiffs.

66.     Parent Plaintiff claims that she was at the scene of the accident and observed the accident and injuries to her children, co-Plaintiffs, which were caused by the negligent conduct of the Defendant.

67.     Parent Plaintiff has injuries including but not limited to continued nausea, headaches, insomnia, severe depression, nightmares, stress, nervousness, emotional distress and/or anxiety.

## COUNT THIRTEEN
## SHANELL MARIENO vs. TY M. QUATTLEBAUM

68.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

69.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

        **WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT FOURTEEN
## SHANELL MARIENO vs. AMAZON.COM SERVICES, LLC

Case ID: 221101536

70.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

71.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT FIFTEEN
## SHANELL MARIENO vs. AMAZON SERVICES LLC

72.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

73.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT SIXTEEN
## SHANELL MARIENO vs. JOHN DOE

74.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

75.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

**BY:**  _s/Louis B. Himmelstein_

Case ID: 221101536

LOUIS B. HIMMELSTEIN, ESQUIRE
Attorney for Plaintiff

Case ID: 221101536

# CONFIDENTIAL INFORMATION FORM

*Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*
204 Pa. Code § 213.81
www.pacourts.us/public-records

**Filed and Attested by the Office of Judicial Records**
**15 NOV 2022 09:58 am**
**E. HAURIN**

Shanell Marieno, et. al.
_____
(Party name as displayed in case caption)

_____
Docket/Case No.

Vs.

Ty M. Quattlebaum, et. al.
_____
(Party name as displayed in case caption)

Philadelphia Court of Common Pleas
_____
Court

This form is associated with the pleading titled _____Complaint_____, dated ____November 15____, __2022__

Pursuant to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, the Confidential Information Form shall accompany a filing where confidential information is **required by law, ordered by the court, or otherwise necessary to effect the disposition of a matter**. This form, and any additional pages, shall remain confidential, except that it shall be available to the parties, counsel of record, the court, and the custodian. This form, and any additional pages, must be served on all unrepresented parties and counsel of record.

| This Information Pertains to: | Confidential Information: | References in Filing: |
|---|---|---|
| _____<br>(full name of adult)<br>**OR**<br>This information pertains to a minor with the initials of _Zi.B._ and the full name of<br>Ziani Brown<br>(full name of minor)<br><br>and date of birth: _1/6/2018_ | Social Security Number (SSN):<br>_____<br><br>Financial Account Number (FAN):<br>_____<br><br>Driver License Number (DLN):<br>_____<br><br>State of Issuance:<br>_____<br><br>State Identification Number (SID):<br>_____ | Alternative Reference:<br>SSN 1<br><br>Alternative Reference:<br>FAN 1<br><br>Alternative Reference:<br>DLN 1<br><br><br><br>Alternative Reference:<br>SID 1 |
| _____<br>(full name of adult)<br>**OR**<br>This information pertains to a minor with the initials of _Zo.B._ and the full name of<br>_____Zoey Brown_____<br>(full name of minor)<br><br>and date of birth: _11/18/2015_ | Social Security Number (SSN):<br>_____<br><br>Financial Account Number (FAN):<br>_____<br><br>Driver License Number (DLN):<br>_____<br><br>State of Issuance:<br>_____<br><br>State Identification Number (SID):<br>_____ | Alternative Reference:<br>SSN 2<br><br>Alternative Reference:<br>FAN 2<br><br>Alternative Reference:<br>DLN 2<br><br><br><br>Alternative Reference:<br>SID 2 |

Rev. 7/2018              **THIS FORM IS CONFIDENTIAL**              Case ID: 221101536

# CONFIDENTIAL INFORMATION FORM



Additional page(s) attached.  _____  total pages are attached to this filing.

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

/s Michael D. Raisman, Esquire
_____
Signature of Attorney or Unrepresented Party

Name: __Michael D. Raisman, Esquire__

Address: __1420 Walnut Street, Suite 1000__

__Philadelphia, PA 19102__

11/15/2022
_____
Date

Attorney Number: (if applicable) __202776__

Telephone: __215-790-9996__

Email: __mraisman@himmelsteinlawoffices.com__

*NOTE:* **Parties and attorney of record in a case will have access to this Confidential Information Form. Confidentiality of this information must be maintained.**

Rev. 7/2018

**THIS FORM IS CONFIDENTIAL**

Case ID: 221101536

## <u>VERIFICATION</u>

The undersigned, hereby deposes and says that the facts set forth in the attached document are true

and correct to the best of my knowledge, information and belief; and I realize that statements made herein

are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

DocuSigned by:

_____
7F6B4685CAFD440...

Filed and Attested by the
Office of Judicial Records
16 NOV 2022 09:56 am
E. HAURIN

**LEGAL-EASE ENTERPRISES, INC.**
2424 E. York Street, Suite 321
Philadelphia, PA 19125

*0622-1536*

Philadelphia Association of
Professional Process Servers

Inv#68404 Murphy
2022 11/25/22

## AFFIDAVIT OF SERVICE

*Filed and Attested by the*
*Office of Judicial Records*
*30 NOV 2022 12:34 pm*
*B. MERCEDES*
Philadelphia

| PLAINTIFF(s):<br>SHANELL MARIENO, et al | COURT TERM & NO.:<br>221101536 | |
|---|---|---|
| DEFENDANT(s):<br>TY M. QUATTLEBAUM | Job Number:<br>7963735 | SERVE BY:<br>12/14/2022 |
| SERVE AT:<br>111 Morton Ave Apt# 201<br>Ridley Park, PA 19078 | XX Civil Action - Compl.<br>○ Summons<br>○ Writ _____ | ○ Subpoena<br>○ Notice of Real Estate Sale<br>○ Other _____ |

SPECIAL INSTRUCTIONS:

_____

Served and made known to _____
On the _____ day of _____, 20_____ at _____ o'clock _____.M.,
At _____, County of _____,
Commonwealth of Pennsylvania, In the manner described below:
- ○ Defendant(s) personally served.
- ○ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
- ○ Adult in charge of Defendant's residence who refused to give name or relationship.
- ○ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
- ○ Agent or person in charge of Defendant's office or usual place of business.
- ○ _____ an officer of said Defendant company.
- ○ Other_____

DESCRIPTION:
AGE:          HEIGHT:          WEIGHT:          RACE:          SEX:          OTHER:

On the ___23___ day of ___Nov___, 20_22_, at ___1135___ o'clock___A___.M..
Defendant not found because: ☑ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other
Other: _Spoke to Janel Buchanan property manager_
_moved 2021_

NAME OF SERVER
_E Murphy_____ being duly sworn according to law, deposes and
Says that he/she is process server herein names; and that the facts herein set forth
Above are true and correct to the best of their knowledge, information and belief.

Sworn to & subscribed before me this
___28th___ day of _November_ 20_22_
_Grace M Speck_

Commonwealth of Pennsylvania - Notary Seal
GRACE M SPECK Notary Public
Delaware County
My Commission Expires August 3, 2026
Commission Number 1226571

Process Server/Competent Adult _____   Sheriff _Deputy Corey_

Now, this ___15th___ day of _November_, 20_22_, I do hereby deputize the Sheriff of _Delaware_ County,
To serve this ☐ Summons   ☒ Complaint   ☐ Other_____ and make return thereof and according to Law.
By (Competent Adult): ___Joselynn Cook___   County Sheriff's Check $ _56.25_

| Law Firm: Louis B. Himmelstein, Esquire C/O Legal-Ease Enterprises, Inc. | ATTEST: | FILED: |
|---|---|---|
| Attorney's Name: _Same as above_   For: _Plaintiff_ | 2022 NOV 21 | PROTHY / PROTHY |
| Address: _2424 E. York Street, Suite 321_ | | |
| _Philadelphia, PA 19125_ | | November 15th, 2022 |
| Telephone: _215-535-1532_   Identification: _41140_ | | DATE |

Case ID: 221101536

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MARK WESOSKI, ESQUIRE
ID# 60296
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEYS FOR PLAINTIFF

*Filed and Attested by the
Office of Judicial Records
30 NOV 2022 12:47 pm
S. RICE*

| | | |
|---|---|---|
| Shanell Marieno | : | **COURT OF COMMON PLEAS** |
| 138 Sugarberry Drive, New Castle DE 19720 | : | **PHILADELPHIA COUNTY** |
| and | : | |
| Zi. B., a minor, by her parent and natural | : | NOVEMBER        TERM, 2022 |
| Guardian, Shanell Marieno | : | |
| 138 Sugarberry Drive, New Castle DE 19720 | : | No.:       1536 |
| and | : | |
| Zo. B., a minor, by her parent and natural | : | |
| Guardian, Shanell Marieno | : | |
| 138 Sugarberry Drive, New Castle DE 19720 | : | |
| vs. | : | |
| Ty M. Quattlebaum | : | CIVIL ACTION COMPLAINT |
| 111 Morton Avenue, Apt. 201, Ridley Park, PA 19078 | : | |
| and | : | |
| Amazon.com Services, LLC a/k/a Amazon | : | |
| 410 Terry Avenue North, Seattle, WA 98109 | : | |
| and | : | |
| Amazon Services LLC | : | |
| 410 Terry Avenue North, Seattle, WA 98109 | : | |
| and | : | |
| John Doe 1 | : | |
| 123 Main St, Anywhere USA, 00000 | : | |
| and | : | |
| John Doe 2 | : | |
| 123 Main St, Anywhere USA, 00000 | : | |

## PRAECIPE TO REINSTATE

TO THE PROTHONOTARY:

Kindly reinstate the attached Complaint for an additional 30 days.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

By:    s/Louis B. Himmelstein
LOUIS B. HIMMELSTEIN, ESQUIRE
Attorney for Plaintiff

Case ID: 221101536

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MARK WESOSKI, ESQUIRE
ID# 60296
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
**ATTORNEYS FOR PLAINTIFF**

Filed and Attested by the
Office of Judicial Records
18 NOV 2022 19:43 pm
E. HRICEN

| | |
|---|---|
| Shanell Marieno | : |
| 138 Sugarberry Drive, New Castle DE 19720 | : |
| and | : |
| Zi. B., a minor, by her parent and natural | : |
| Guardian, Shanell Marieno | : |
| 138 Sugarberry Drive, New Castle DE 19720 | : |
| and | : |
| Zo. B., a minor, by her parent and natural | : |
| Guardian, Shanell Marieno | : |
| 138 Sugarberry Drive, New Castle DE 19720 | : |
| vs. | : |
| Ty M. Quattlebaum | : |
| 111 Morton Avenue, Apt. 201, Ridley Park, PA 19078 | : |
| and | : |
| Amazon.com Services, LLC a/k/a Amazon | : |
| 410 Terry Avenue North, Seattle, WA 98109 | : |
| and | : |
| Amazon Services LLC | : |
| 410 Terry Avenue North, Seattle, WA 98109 | : |
| and | : |
| John Doe 1 | : |
| 123 Main St, Anywhere USA, 00000 | : |
| and | : |
| John Doe 2 | : |
| 123 Main St, Anywhere USA, 00000 | : |
| | : |

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

TERM, 2022

No.:

CIVIL ACTION COMPLAINT

NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET  FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania  19107
(215) 238-6333

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA  ABAJO  PARA  AVERIGUAR  DONDE  SE  PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center, Filadelfia, Pennsylvania  19107
(215)238-6333
Filadelfia, Pennsylvania  19107
(215)-238-6333

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MARK WESOSKI, ESQUIRE
ID# 60296
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEYS FOR PLAINTIFF

_____

| | | |
|---|---|---|
| Shanell Marieno | : | **COURT OF COMMON PLEAS** |
| 138 Sugarberry Drive, New Castle DE 19720 | : | **PHILADELPHIA COUNTY** |
| and | : | |
| Zi. B., a minor, by her parent and natural | : | TERM, 2022 |
| Guardian, Shanell Marieno | : | |
| 138 Sugarberry Drive, New Castle DE 19720 | : | No.: |
| and | : | |
| Zo. B., a minor, by her parent and natural | : | |
| Guardian, Shanell Marieno | : | |
| 138 Sugarberry Drive, New Castle DE 19720 | : | |
| vs. | : | |
| Ty M. Quattlebaum | : | CIVIL ACTION COMPLAINT |
| 111 Morton Avenue, Apt. 201, Ridley Park, PA 19078 | : | |
| and | : | |
| Amazon.com Services, LLC a/k/a Amazon | : | |
| 410 Terry Avenue North, Seattle, WA 98109 | : | |
| and | : | |
| Amazon Services LLC | : | |
| 410 Terry Avenue North, Seattle, WA 98109 | : | |
| and | : | |
| John Doe 1 | : | |
| 123 Main St, Anywhere USA, 00000 | : | |
| and | : | |
| John Doe 2 | : | |
| 123 Main St, Anywhere USA, 00000 | : | |

_____ :

# C O M P L A I N T

 **COMES NOW**, Plaintiff, **Shanell Marieno,** by and through her counsel, Louis B. Himmelstein &

Associates, P.C., and hereby claims damages of the Defendants, individually, jointly and/or severally, upon

a cause of action whereof the following is a statement:

1.      Plaintiff, **Shanell Marieno,** is an adult individual, resident and citizen of the State of Delaware,

and at all times herein material, Plaintiff, **Shanell Marieno,** was the operator of a Mitsubishi

Mirage vehicle, which vehicle was struck by a vehicle negligently operated by Defendant(s).

Case ID: 221101536

2.       Plaintiff, **Zi. B.**, a minor, by her parent and natural guardian, Plaintiff, **Shanell Marieno,** is a minor individual residing at the above captioned address, and at all times herein material, Minor Plaintiff, **Zi. B.,** was a passenger in the Mitsubishi Mirage vehicle, which vehicle was struck by Defendant(s).

3.       Plaintiff, **Zo. B.**, a minor, by her parent and natural guardian, Plaintiff, **Shanell Marieno,** is a minor individual residing at the above captioned address, and at all times herein material, Minor Plaintiff, **Zo. B.,** was a passenger in the Mitsubishi Mirage vehicle, which vehicle was struck by Defendant(s).

4.       Defendant, **Ty M. Quattlebaum,** (hereinafter also referred to as Defendant(s)), is an adult individual, resident and citizen of the Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain vehicle, which commercial vehicle was involved in the collision hereinafter described, and which vehicle is the subject of this cause of action.

5.       Defendant, **Amazon.com Services, LLC**,(hereinafter also referred to as Defendant(s))**,** is a corporation, partnership, or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain vehicle, which commercial vehicle was involved in the collision hereinafter described, and which vehicle is a subject of this cause of action, and at all times herein material Defendant was acting individually and/or by and through its duly authorized agent, servant, worker and/or employee, co-Defendant, **Ty M. Quattlebaum,** who was acting within the course and scope of his employment and authority, and in furtherance of each of the Defendants' businesses and affairs.

6.       Defendant, **Amazon Services LLC**,(hereinafter also referred to as Defendant(s))**,** is a corporation, partnership, or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess,

Case ID: 221101536

control, maintain and/or negligently operate, a certain vehicle, which commercial vehicle was involved in the collision hereinafter described, and which vehicle is a subject of this cause of action, and at all times herein material Defendant was acting individually and/or by and through its duly authorized agent, servant, worker and/or employee, co-Defendant, **Ty M. Quattlebaum,** who was acting within the course and scope of his employment and authority, and in furtherance of each of the Defendants' businesses and affairs.

7.  Defendant, **John Doe 1**, is a fictitious individual meant to represent person who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein, which includes the use, control and operation the vehicle involved in this accident. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

8.  Defendant, **John Doe 2**, is a fictitious individual meant to represent person who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein, which includes the use, control and operation the hit-and-run vehicle involved in this accident. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

9.  At all times herein material, Defendants were either acting individually and/or by and through their/its/his/his duly authorized agents, servants, workmen, bailees and/or employees who were acting in the course and scope of their/his/his employment and in the furtherance of each of the Defendants' businesses and affairs.

10.     On or about January 7, 2021, Plaintiff, **Shanell Marieno,** was operating her Mitsubishi Mirage vehicle, which vehicle was being operated on Interstate I-95 at or near the Vietnam Veterans Memorial Highway and/or mile marker 4.9, being public roads in the County of Delaware, Commonwealth of Pennsylvania. Co-Plaintiffs **Zi. B.** and **Zo. B.** were passengers in said vehicle.

11.     At the aforementioned time and location, Defendant, **Ty M. Quattlebaum,** was operating a certain vehicle and/or truck, also on Interstate I-95 at or near mile marker 4.9 and/or Vietnam Veterans Memorial Highway, and when the vehicle operated by Defendants reached a certain point at the aforesaid location, the Defendant, **Ty M. Quattlebaum,** operated his vehicle in such a careless, reckless and negligent manner that he failed to be cognizant of Plaintiffs' vehicle, and did violently collide with the Plaintiffs' vehicle causing the plaintiff's vehicle to be moved about and hit the concrete barrier. As a sole and direct result of the collision, Plaintiffs were thrown violently about inside their vehicle, and sustained serious, painful and permanent personal injuries and damages.

12.     At all times herein material Defendant, **Ty M. Quattlebaum,** was the individual who negligently operated the vehicle, and failed to be cognizant of his surroundings, thereby causing the collision to occur with the vehicle Plaintiffs were in, thereby causing Plaintiffs to be thrown violently about.

13.     It is further averred that Defendant, **Ty M. Quattlebaum,** was chasing another vehicle, namely **John Doe 2**, without regard to other vehicles, thereby causing the collision to occur with the vehicle Plaintiffs were in, thereby causing Plaintiffs to be thrown violently about.

14.     At all times herein material Defendant, **Amazon.com Services, LLC** and/or **Amazon,** was/were the entity/entities that negligently allowed a reckless driver to operate the truck and/or vehicle, namely **Ty M. Quattlebaum**, thereby causing the collision to occur with the vehicle Plaintiffs were in, thereby causing Plaintiffs to be thrown violently about.

15.     It is further averred that Defendant, **Ty M. Quattlebaum**, was not watching the road, and negligently caused his vehicle to merge into Plaintiffs' lane striking Plaintiffs and/or Plaintiffs' vehicle.

16.   It is further averred that Defendant, **John Doe 2**, was not watching the road, and negligently caused his/her vehicle to collide with another.

17.   It is further averred that Defendant, **John Doe 2**, left the scene without a providing identifying information such as name, insurance, and/or vehicle registration.

18.   At the aforementioned location, it is believed and therefore averred that Defendant, **Ty M. Quattlebaum** and/or **John Doe 1** and/or **John Doe 2**, was/were traveling at an excessive and dangerous rate of speed under the circumstances and was acting in reckless indifference to the safety of other motorists including the plaintiffs.

19.   The accident was caused solely by the careless, reckless and negligent conduct of the Defendants, and was in no manner due to any act or failure to act on the part of Plaintiffs and it is further averred that Defendant(s) caused its/his/their vehicle to leave its lane of travel and enter the lane of travel of Plaintiff's vehicle and crash into plaintiff's vehicle.

20.   At the time and place aforesaid, the carelessness, negligence and recklessness of the Defendants, individually, jointly and/or severally consisted of the following:

   a.   Striking Plaintiff's vehicle;

   b.   Operating the vehicle at a high, excessive and dangerous rate of speed under the circumstances;

   c.   Operating the vehicle in a reckless manner and causing said vehicle to hit the vehicle Plaintiff was in;

   d.   Operating said vehicle without keeping a proper lookout for road and traffic conditions;

   e.   Disregarding the position of Plaintiff's vehicle on the roadway;

   f.   Failing to exercise due care under the circumstances;

   g.   Being otherwise careless and negligent;

   h.   Failing to pay attention while changing lanes;

   i.   Failing to use the required degree of skill and care in the operation of the vehicle;

   j.   Operating said vehicle in a reckless manner;

k.      Failing to properly maintain and/or repair and/or inspect said vehicle;

l.      Operating said vehicle without due regard for the rights, safety and position of the Plaintiff herein at the point aforesaid;

m.      Otherwise violating the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles upon the public highways;

n.      Failing to slow down Defendant's vehicle prior to striking Plaintiffs' vehicle;

o.      Violating the mandate of the rules of the road;

p.      Failing to apply the brakes in a timely fashion;

q.      Failing to have said vehicle under proper and/or adequate control;

r.      Failing to see Plaintiff's vehicle on the roadway;

s.      Driving while distracted;

t.      Failing to use caution when operating a vehicle so close to another vehicle;

u.      Being otherwise negligent as revealed in discovery;

v.      Illegally attempting to change lanes;

w.      Failing to keep his eyes on the road;

x.      Failing to sound the horn;

y.      Failing to keep a foot on the break;

z.      Failing to have adequate and/or working headlights;

aa.     Failing to concentrate on his driving;

bb.     Failing to slow down;

cc.     Failing to be cognizant of the upcoming vehicle;

dd.     Failing to slow down for other  cars;

ee.     Operating a vehicle without a clear view of the outside;

ff.     Violating Plaintiffs' right of way;

Case ID: 221101536

gg.     Veering into Plaintiffs' lane of travel;

hh.     Chasing another vehicle with disregard to other vehicles on the road;

ii.     Failing to keep Defendants' vehicle in its lane of travel;

jj.     Operating a truck in a lane not meant for commercial vehicles;

kk.     Causing the truck and/or vehicle to enter Plaintiff's vehicle's lane of travel thereby causing a violent collision;

ll.     Allowing a reckless driver to operate the vehicle;

mm.     Negligently entrusting the vehicle to **Ty M. Quattlebaum**;

nn.     Failing to properly train its drivers;

oo.     Performing the act of road rage;

pp.     Racing on the highway;

qq.     Failing to call the police; and

rr.     Speeding after another vehicle and crashing into plaintiffs vehicle in the process.

21.     As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants, Plaintiff, **Shanell Marieno,** has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, body, shoulders, chest, arms, hands, wrists, fingers, legs, shins, knees, feet and toes and the bones, cartilages, ligament s, muscles, nerves, blood vessels and soft tissues attached thereto which were caused to be fractured, herniated, wrenched, bruised, and otherwise injured including but not limited to herniated discs, bulging discs, cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain, segmental/somatic dysfunction of cervical spine, segmental/somatic dysfunction of thoracic spine, segmental/somatic dysfunction of lumbar spine, pregnancy complications, placenta disruption, right knee sprain; she additionally suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of

Case ID: 221101536

which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has further suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

22.     As a further result of the accident aforesaid, Plaintiff, **Shanell Marieno,** has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

23.     As a further result of this accident, Plaintiff, **Shanell Marieno,** has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

24.     As a further result of this accident, Plaintiff, **Shanell Marieno,** has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

25.     As a direct and sole result of this accident, Plaintiff, **Shanell Marieno,** has or may hereinafter incur other financial expenses and/or other losses including  but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of damages; including the cost of repair and/or replacement of her vehicle which was damaged in the accident, all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

26.     As a further result of the instant occurrence, caused by Defendant's negligence in causing her/her/their vehicle to strike Plaintiffs' vehicle, Plaintiff, **Shanell Marieno,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

27.     As a result of the aforesaid accident caused by Defendants' negligence, Plaintiff, **Shanell Marieno**, has had to expend various sums of money for the care and treatment of her daughters, Co-Plaintiffs, **Zi. B.** and **Zo. B.**, and will likely have to continue doing so into the future, and further must pay for the care and needs of Minor Plaintiffs for an indefinite time, all to her continuing financial detriment.

28.     As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendant, Plaintiff, **Zi. B.,** has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, body, shoulders, chest, arms, hands, wrists, fingers, legs, shins, knees, feet and toes and the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto which were caused to be fractured, herniated, wrenched, bruised, and otherwise  injured including but not limited to cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain; she additionally suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has further suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

29.     As a further result of the accident aforesaid, Plaintiff, **Zi. B.,** has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and

household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

30.     As a further result of this accident, Plaintiff, **Zi. B.,** has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

31.     As a further result of this accident, Plaintiff, **Zi. B.,** has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

32.     As a direct and sole result of this accident, Plaintiff, **Zi. B.,** has or may hereinafter incur other financial expenses and/or other losses including  but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of damages, all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

33.     As a further result of the instant occurrence, caused by Defendant's negligence in causing her/her/their vehicle to strike Plaintiff's vehicle, Plaintiff, **Zi. B.,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

34.     As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendant, Plaintiff, **Zo. B.,** has sustained serious, painful and permanent

Case ID: 221101536

injuries, internally and externally, to her head, neck, back, body, shoulders, chest, arms, hands, wrists, fingers, legs, shins, knees, feet and toes and the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto which were caused to be fractured, herniated, wrenched, bruised, and otherwise  injured including but not limited to cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain; she additionally suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has further suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

35.     As a further result of the accident aforesaid, Plaintiff, **Zo. B.,** has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

36.     As a further result of this accident, Plaintiff, **Zo. B.,** has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

37.     As a further result of this accident, Plaintiff, **Zo. B.,** has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq. for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

38.     As a direct and sole result of this accident, Plaintiff, **Zo. B.,** has or may hereinafter incur other financial expenses and/or other losses including  but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of damages, all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

39.     As a further result of the instant occurrence, caused by Defendant's negligence in causing her/her/their vehicle to strike Plaintiff's vehicle, Plaintiff, **Zo. B.,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiffs claim damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT ONE**
**SHANELL MARIENO vs. TY M. QUATTLEBAUM**

40.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

41.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT TWO**
**ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs. TY M. QUATTLEBAUM**

42.    Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

43.    As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT THREE
## ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs. TY M. QUATTLEBAUM

44.    Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

45.    As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT FOUR
## SHANELL MARIENO vs. AMAZON.COM SERVICES, LLC

46.    Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

47.    As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT FIVE**
**ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs.**
**AMAZON.COM SERVICES, LLC**

48.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

49.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT SIX**
**ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs.**
**AMAZON.COM SERVICES, LLC**

50.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

51.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT SEVEN**
**SHANELL MARIENO vs. AMAZON SERVICES LLC**

52.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

53.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT EIGHT
### ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs. AMAZON SERVICES LLC

54.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

55.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT NINE
### ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs. AMAZON SERVICES LLC

56.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

57.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT TEN
### SHANELL MARIENO vs. JOHN DOE

58.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

59.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

        **WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT ELEVEN
### ZI. B. by and through her parent and natural guardian SHANELL MARIENO vs. JOHN DOE

60.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

61.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zi. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

        **WHEREFORE**, Plaintiff, **Zi. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT TWELVE
### ZO. B. by and through her parent and natural guardian SHANELL MARIENO vs. JOHN DOE

62.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

63.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Zo. B.**, sustained serious, painful and permanent orthopedic and neurological injuries.

        **WHEREFORE**, Plaintiff, **Zo. B.,** by and through her parent and natural guardian, **Shanell Marieno**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**Emotional Distress**

64. Plaintiffs incorporate herein by reference thereto the preceding Paragraphs inclusive, as fully as though the same were hereinafter set forth at length.

65. Parent Plaintiff, **Shanell Marieno** claims that the negligent conduct of the Defendant caused her to suffer emotional injuries, emotional distress and post-traumatic stress, and it is further averred that:

    a. **Shanell Marieno** watched her children, co-Plaintiffs, **Zi. B.** and **Zo. B.**, be thrown around violently inside of the vehicle.

    b. **Shanell Marieno** was within feet of her co-Plaintiffs, **Zi. B.** and **Zo. B.** when the incident occurred.

    c. **Shanell Marieno** became hysterical when she witnessed the subject incident.

    d. **Shanell Marieno** has been and continues to suffer from severe emotional trauma and stress as a result of the incident and as a result of the injuries sustained by her children, co-Plaintiffs.

66. Parent Plaintiff claims that she was at the scene of the accident and observed the accident and injuries to her children, co-Plaintiffs, which were caused by the negligent conduct of the Defendant.

67. Parent Plaintiff has injuries including but not limited to continued nausea, headaches, insomnia, severe depression, nightmares, stress, nervousness, emotional distress and/or anxiety.

**COUNT THIRTEEN**
**SHANELL MARIENO vs. TY M. QUATTLEBAUM**

68. Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

69. As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

    **WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT FOURTEEN**
**SHANELL MARIENO vs. AMAZON.COM SERVICES, LLC**

Case ID: 221101536

70.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

71.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

<u>**COUNT FIFTEEN**</u>
<u>**SHANELL MARIENO vs. AMAZON SERVICES LLC**</u>

72.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

73.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

<u>**COUNT SIXTEEN**</u>
<u>**SHANELL MARIENO vs. JOHN DOE**</u>

74.     Plaintiffs incorporate herein by reference thereto, the preceding Paragraphs, inclusive, as fully as though the same were hereinafter set forth at length.

75.     As a result of the aforementioned negligence, recklessness and carelessness of the Defendant, Plaintiff, **Shanell Marieno**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Shanell Marieno,** claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

**BY:**   s/Louis B. Himmelstein

LOUIS B. HIMMELSTEIN, ESQUIRE
Attorney for Plaintiff

Case ID: 221101536

**AFFIDAVIT OF SERVICE**

| Case:<br>221101536 | Court:<br>Pennsylvania Court of Common Pleas | | County:<br>Philadelphia |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Shanell Marieno, et al | | Defendant / Respondent:<br>TY M. Quattlebaum, et al | |
| Received by:<br>Legal-Ease Enterprises | | For:<br>Louis B. Himmelstein & Associates, P.C. | |
| To be served upon:<br>Amazon Services, LLC | | | |

*Filed and Attested by the*
*Office of Judicial Records*
*30 NOV 2022 12:56 pm*
*B. MERCEDES*

I, Ron Benzenhafer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Amazon Services, LLC, Corporate: 410 Terry Ave N, Seattle, WA 98109 |
|---|---|
| Manner of Service: | Mail, Nov 25, 2022, 8:55 am EST |
| Documents: | Filed Cover, Redacted Complaint, Verification, Unredacted Complaint |

**Additional Comments:**
1) Successful Attempt: Nov 25, 2022, 8:55 am EST at Corporate: 410 Terry Ave N, Seattle, WA 98109 received by Amazon Services, LLC. Certified mail. See the attached.

_____              11/30/2022
Ron Benzenhafer                              **Date**

Legal-Ease Enterprises
2424 E York Street, Suite 321
Philadelphia, PA 19125



U.S. Postal Service
Certified Mail Receipt

OUTBOUND TRACKING NUMBER
9414 7118 9956 2392 6210 56

RETURN RECEIPT TRACKING NUMBER
9490 9118 9956 2392 6216 78

FEES
Postage per piece          $2.880
Certified Fee              $4.000
Return Receipt Fee         $3.250
Total Postage & Fees:      $10.130

ARTICLE ADDRESS TO:

AMAZON SERVICES, LLC
410 TERRY AVE N
SEATTLE WA 98109-5210

Postmark
Here

Case ID: 221101536

# USPS Tracking®

FAQs >

Tracking Number:

## 94147118995562392621636

Copy          Add to Informed Delivery
(https://informeddelivery.usps.com/)

Remove ✕

### Latest Update

Your item was picked up at a postal facility at 8:55 am on November 25, 2022 in SEATTLE, WA 98109.

Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered
**Delivered, Individual Picked Up at Postal Facility**
SEATTLE, WA 98109
November 25, 2022, 8:55 am

**Arrived at Post Office**
SEATTLE, WA 98107
November 25, 2022, 8:06 am

**Available for Pickup**
SEATTLE, WA 98109
November 25, 2022, 6:45 am

**Departed USPS Regional Destination Facility**
SEATTLE WA DISTRIBUTION CENTER
November 24, 2022, 11:37 pm

**Arrived at USPS Regional Destination Facility**
SEATTLE WA DISTRIBUTION CENTER
November 24, 2022, 12:42 pm

Feedback

Case ID: 221101536

**In Transit to Next Facility**
November 23, 2022

**Departed USPS Regional Facility**
SPOKANE WA DISTRIBUTION CENTER
November 21, 2022, 6:52 pm

**Arrived at USPS Regional Destination Facility**
SPOKANE WA DISTRIBUTION CENTER
November 21, 2022, 10:37 am

**Arrived at USPS Regional Origin Facility**
PHILADELPHIA PA DISTRIBUTION CENTER
November 17, 2022, 11:21 pm

**Accepted at USPS Origin Facility**
PHILADELPHIA, PA 19125
November 17, 2022, 10:06 pm

**Shipping Label Created, USPS Awaiting Item**
PHILADELPHIA, PA 19125
November 16, 2022, 4:35 pm

**Hide Tracking History**

Feedback

---

**Text & Email Updates** ⌄

---

**USPS Tracking Plus®** ⌄

---

**Product Information** ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

Case ID: 221101536

## AFFIDAVIT OF SERVICE

*Filed and Attested by the Office of Judicial Records 30 NOV 2022 12:58 pm B. MERCEDES*

| | | | |
|---|---|---|---|
| **Case:** 221101536 | **Court:** Pennsylvania Court of Common Pleas | **County:** Philadelphia | |
| **Plaintiff / Petitioner:** Shanell Marieno, et al | | **Defendant / Respondent:** TY M. Quattlebaum, et al | |
| **Received by:** Legal-Ease Enterprises | | **For:** Louis B. Himmelstein & Associates, P.C. | |
| **To be served upon:** Amazon.Com Services, LLC, Alias: Amazon | | | |

I, Ron Benzenhafer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Amazon.Com Services, LLC, Alias: Amazon, Corporate: 410 Terry Ave N, Seattle, WA 98109
**Manner of Service:** Mail, Nov 28, 2022, 12:41 pm EST
**Documents:** Filed Cover, Redacted Complaint, Verification, Unredacted Complaint

**Additional Comments:**
1) Successful Attempt: Nov 28, 2022, 12:41 pm EST at Corporate: 410 Terry Ave N, Seattle, WA 98109 received by Amazon.Com Services, LLC, Alias: Amazon.
Certified mail. See the attached.

_____     11/30/2022
Ron Benzenhafer                                  **Date**

Legal-Ease Enterprises
2424 E York Street, Suite 321
Philadelphia, PA 19125

U.S. Postal Service
Certified Mail Receipt

**OUTBOUND TRACKING NUMBER**
9414 7118 9956 2392 6598 89

**RETURN RECEIPT TRACKING NUMBER**
9490 9118 9956 2392 6598 46

**FEES**

| | |
|---|---|
| Postage per piece | $2.880 |
| Certified Fee | $4.000 |
| Return Receipt Fee | $3.250 |
| **Total Postage & Fees:** | **$10.130** |

**ARTICLE ADDRESS TO:**

AMAZON.COM SERVICES, LLC, ALIAS: AMAZON
410 TERRY AVE N
SEATTLE WA 98109-5210

Postmark
Here

Case ID: 221101536

# USPS Tracking®

FAQs >

Tracking Number:

## 9414711899562392659899

Copy      Add to Informed Delivery
(https://informeddelivery.usps.com/)

Remove ✕

## Latest Update

Your item was picked up at a postal facility at 8:23 am on November 28, 2022 in SEATTLE, WA 98107.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

Feedback

### Delivered
**Delivered, Individual Picked Up at Postal Facility**
SEATTLE, WA 98107
November 28, 2022, 8:23 am

**Available for Pickup**
SEATTLE, WA 98109
November 28, 2022, 8:11 am

**Arrived at Post Office**
SEATTLE, WA 98107
November 28, 2022, 8:00 am

**Departed USPS Regional Facility**
SEATTLE WA DISTRIBUTION CENTER
November 28, 2022, 7:44 am

**Arrived at USPS Regional Destination Facility**
SEATTLE WA DISTRIBUTION CENTER
November 26, 2022, 12:55 pm

Case ID: 221101536

**Arrived at USPS Regional Destination Facility**

SEATTLE WA DISTRIBUTION CENTER ANNEX
November 25, 2022, 9:19 pm

**In Transit to Next Facility**

November 25, 2022

**Arrived at USPS Regional Destination Facility**

SEATTLE WA DISTRIBUTION CENTER
November 24, 2022, 12:58 pm

**Departed USPS Regional Destination Facility**

SPOKANE WA DISTRIBUTION CENTER
November 21, 2022, 8:53 pm

**Arrived at USPS Regional Destination Facility**

SPOKANE WA DISTRIBUTION CENTER
November 21, 2022, 10:37 am

**Arrived at USPS Regional Origin Facility**

PHILADELPHIA PA DISTRIBUTION CENTER
November 17, 2022, 11:21 pm

**Accepted at USPS Origin Facility**

PHILADELPHIA, PA 19125
November 17, 2022, 10:06 pm

**Shipping Label Created, USPS Awaiting Item**

PHILADELPHIA, PA 19125
November 16, 2022, 4:35 pm

**Hide Tracking History**

Feedback

**Text & Email Updates** ⌄

**USPS Tracking Plus®** ⌄

**Product Information** ⌄

See Less ⌃

Case ID: 221101536

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**
By:   Salvatore A. Clemente, Esquire
Attorney ID: 80830
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Tel. 215-627-6900
Fax.215-627-2665
Email: Salvatore.Clemente@wilsonelser.com

Attorney for Defendant
*Amazon.com Service, LLC a/k/a*
*Amazon and Amazon Services, LLC*

*Filed and Attested by the*
*Office of Judicial Records*
*14 DEC 2022 07:19 pm*
*S. RILLIAM*

| | | |
|---|---|---|
| SHANELL MARIENO, ZI. B., A MINOR, BY HER PARENT AND NATURAL GUARDIAN, SHANELL MARIENO and ZO.B., A MINOR, BY HER PARENT AND NATURAL GUARDIAN, SHANELL MARIENO, | : : : : : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff, | : : | CIVIL ACTION NO. 221101536 |
| vs. | : : | |
| TY M. QUATTLEBAUM, AMAZON.COM SERVICES, LLC, AMAZON.COM SERVICES, LLC, JOHN DOE 1 and JOHN DOE 2, | : : : : : | |
| Defendants. | : : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly enter my appearance as counsel on behalf of Defendants, Amazon.com Services,

LLC a/k/a Amazon and Amazon Services, LLC, in the above-captioned matter.

                               Respectfully submitted,

                               **WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

                             *Salvatore A. Clemente*

                             Salvatore A. Clemente, Esquire
                             Attorney for Defendants,
                             *Amazon.com Services, LLC a/k/a Amazon*
Date: December 14, 2022               *and Amazon Services LLC*

278333388v.1

## CERTIFICATE OF SERVICE

I, Salvatore A. Clemente, Esquire, attorney for Defendants, Amazon.com Services, LLC a/k/a Amazon and Amazon Services, LLC, hereby certify that a true and correct copy of the foregoing Praecipe for Entry of Appearance, was electronically filed via the Court's electronic filing system and therefore viewable and deemed served on all counsel of record pursuant 231 Pa. Code 205.4 (g)(2)(ii).

*Salvatore A. Clemente*

Salvatore A. Clemente, Esquire

Date: December 14, 2022